UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BERNARD ROBINSON,

                  Plaintiffs,          Civil Action No. 18-13290
                                                  Honorable Sean F. Cox
v.                                                Magistrate Judge David R. Grand

PITTSFIELD CHARTER TWP. *ET AL.*,

                  Defendants.

_____/

## REPORT AND RECOMMONDATION TO
## GRANT DEFENDANTS' MOTIONS TO DISMISS [16, 18, 20]

On October 22, 2018, *pro se* Plaintiff Christopher Bernard Robinson ("Robinson"), filed his complaint against Defendants Pittsfield Charter Township, Pittsfield Township Police Department, Washtenaw County Prosecutor's Office, Stephan Andrews, Jim Maudlin, Henry Fusik, Shawn Booth, Sean McCormick, Gordon Schick, Matthew Harshberger, Karen Field, Nimish Ganatra, Eric Gutenberg (Field, Ganatra, and Gutenberg collectively referred to as the "Prosecutorial Defendants"), Judge Allan Truesdell, and Judge Joseph Burke (Truesdell and Burke together referred to as the "Judicial Defendants") (all defendants collectively referred to as "Defendants"), alleging multiple violations of his constitutional rights and seeking five million dollars in damages. (Doc. #1). On December 14, 2018, this case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b)(1). (Doc. #12).

Presently before the Court are three Motions to Dismiss: the first filed by the Prosecutorial Defendants and Judge Truesdell filed on January 8, 2019, the second filed by Judge Burke on January 14, 2019, and the third filed by Defendants Pittsfield Township, the Pittsfield Township Police Department, Andrews, Maudlin, Booth, Schick, and Harshberger on January 16, 2019. (Docs. #16, #18, and #20, respectively). On March 1, 2019, Robinson filed a response to these

motions. (Doc. #25). Defendants filed timely replies. (Docs. #26, #27, #28). Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motions to Dismiss **(Docs. #16, #18, #20)** be **GRANTED**, and Robinson's case be dismissed with prejudice.

## II. REPORT

### A. The Allegations in Robinson's Complaint

Robinson, who is currently released on parole, sues Defendants arising out of an incident that occurred in April 2013. (Doc. #1). Although portions of Robinson's complaint are difficult to comprehend, he alleges approximately nineteen violations of his rights, including violations of the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as multiple federal statutory violations, including 42 U.S.C. §§1982, 1983, 1985, and 1986. (Doc. #1 at 4-7). He seeks five million dollars in relief. (*Id*. at 11). He sets forth his factual allegations in his Complaint. (*Id*. at 12-36). Defendants have provided Statements of Material Facts Not in Dispute, which are helpful in understanding Robinson's claims. (Docs. #17, #19, #21). [1]

The following facts underlie Robinson's complaint (collectively referred to as the "April 2013 Incident"). While on parole on April 23, 2013, Robinson and his parole officers engaged in

---

[1] When a court is presented with a Rule 12(b)(6) motion testing the sufficiency of a complaint, "it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). All of the exhibits referenced in the Defendants' Statements of Material Facts Not in Dispute fall within these categories of documents. For instance, they cite to exhibits such as the Register of Actions from Robinson's prior criminal case, his Order of Conviction, and Judgment of Sentence. (Docs. #16-4, -5, -6; #17).

a verbal confrontation at his parole officer's office, which led to the Pittsfield Township Police responding. (Doc. #1 at 12-13). Defendant Andrews took Robinson to the floor while handcuffed, which gave Robinson a cut on his chin requiring stitches. (*Id*. at 13-14.) After this incident, Robinson was charged with resisting arrest and obstructing a police officer under Michigan law. (Doc. #17 at 2). Defendant Judge Burke found probable cause for the charge, and bound Robinson over to the circuit court. (Doc. #19 at 3). Robinson represented himself at the bench trial, was convicted and sentenced. (Doc. #17 at 3). Robinson appealed his conviction to the Michigan Court of Appeals, which vacated Robinson's conviction on the basis that he had not properly, knowingly, and voluntarily waived his right to an attorney. (Doc. #16-3). Robinson was tried again on remand and convicted on June 23, 2016. (Doc. #17 at 4). Robinson did not appeal that conviction. (Doc. #16-6).

Robinson filed his instant complaint on October 22, 2018. (Doc. #1). As noted, it is somewhat difficult to comprehend the specific claims Robinson is asserting, but he appears to be challenging the actions of the police officers, prosecutors, and judges involved in the April 2013 Incident and his prior related criminal case, alleging, for instance: "Defendant Andrews Fabricated a Police Report and Criminal [] Charges to cover up [the alleged assault against Robinson"; Defendant Judge Truesdell "conspired among defendants by Falsifying inter office court documents"; "Defendant Matthew E. Hershberger Public Safety Director made False Statements to defendant Gordon [] Schick, Deputy Chief of Police"; "Plaintiff contends he had not broken any laws of this state and that Defendants – Police Officers . . . never had probable Cause to be at the said location outside of their jurisdiction"; "Andrews (Police Officer), Gutenberg (Prosecutor), and Judge Burke; Conspired to Willfully violate Plaintiff's Civil Rights"; "Defendant Andrews throughout his [preliminary exam] testimony committed perjury . . . [and] defendant prosecutor

3

Eric M. [] Gutenberg coerced defendant Andrews' false testimony"; and "Defendant Judge Burke intentionally made false statements to bind Plaintiff over for Trial." (Doc. #1 at ¶ 41-42, 50, 93, 115-16, 135, 138, 142-43, 157). Robinson sums up his claims as essentially a challenge to the very fact of his conviction: "The Justice System in this instance failed, and as a result, [Robinson] suffered a Huge Injustice in this conviction with a loss of Freedom for 5 and a half years." (*Id*. at 15). But this is far from Robinson's first attempt to challenge the conduct of those involved in the April 2013 Incident and Robinson's conviction that followed. *See Robinson v. Booth, et al.*, No. 14-10201 (E.D. Mich. Jan. 13, 2014) (Steeh, J.) (dismissing without prejudice to allow Robinson to reassert his claims if his conviction or sentence were later invalidated as to Defendants Booth and Andrews, the Judicial Defendants, Defendants Gutenberg and Fields, and Defendant Washtenaw County Prosecutor's Office); *Robinson v. Andrews, et al.,* No. 14-11987 (E.D. Mich. May 19, 2014) (Parker, J.) (dismissing with prejudice as to Defendants Andrews, Booth, Maudlin and the Pittsfield Township, and the Pittsfield Township Police Department); *Robinson v. Gutenberg, et al.*, No. 15-10481 (E.D. Mich. Feb. 5, 2015) (Cohn, J.) (dismissing with prejudice as to the Prosecutorial Defendants and the Judicial Defendants); *Robinson v. Field, et al.*, No. 15-12821 (E.D. Mich. Aug. 5, 2015) (Cox, J.) (dismissing without prejudice as to Defendant Field and the Judicial Defendants after Robinson voluntarily dismissed the case); *Robinson v. Field, et. al*, No. 16-21244 (E.D. Mich. June 10, 2016) (Cox, J.) (dismissing without prejudice as to the Judicial Defendants, Prosecutorial Defendants, Pittsfield Township, and defendants Andrews, Booth, McCormick, and Fusik after Robinson voluntarily dismissed the case); *Robinson v. Field, et. al*, No. 16-10207 (E.D. Mich. Jan. 19, 2016) (Steeh, J.) (dismissing as frivolous as to the Prosecutorial Defendants and Judicial Defendants); *Robinson v. Schuette*, No. 16-13632 (E.D. Mich. Oct. 12, 2016) (Cox, J.) (dismissing with prejudice as to all Defendants); *Robinson v.*

4

*Andrews, et al.*, No. 17-11557 (E.D. Mich. May 16, 2017) (Ludington, J.) (dismissing without prejudice as to all Defendants after finding that Robinson is prevented from proceeding *in forma pauperis* under the so-called "three strikes" rule).[2]

Defendants now move to dismiss Robinson's complaint, arguing that he has failed to state a claim upon which relief can be granted. The reasons for granting Defendants' motions to dismiss have already been aptly and abundantly stated in the previous actions, but will be addressed for clarity as set forth below.

    **B.**    **Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th

---

[2] This list of cases does not include the numerous habeas corpus petitions that Robinson filed while incarcerated, nor does it include his lawsuits against his parole agents and others, all of which resulted in dismissal.

Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading[.]" *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327–28). While a self-represented litigant's complaint is held to a "less stringent standard" than those drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it must still plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E. D. Mich. 2001).

**C. Analysis**

*1. The Doctrine of Claim Preclusion (Res Judicata) Mandates Dismissal*

Under Michigan law, the doctrine of claim preclusion (*res judicata*) applies where: (1) the prior action was decided on the merits; (2) both actions involve the same parties or their privies;

and (3) the matter contested in the second case was or could have been resolved in the first. *See Adair v. State*, 470 Mich. 105, 121 (2004). "[T]o find privity to exist between a party and a non-party, Michigan courts require 'both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation.'" *Miller v. Detroit Pub. Sch.*, 189 F. Supp. 3d 671, 679 (E.D. Mich. 2016) (quoting *Phinisee v. Rogers*, 229 Mich. App. 547, 553-54 (1998)). And the test to determine whether the two actions involve the same subject matter is whether the facts are identical in, or the same evidence would sustain both actions; if so, the two actions are the same for purposes of claim preclusion. *See Adair*, 470 Mich. at 123-24. Michigan courts take "a broad approach to the doctrine of *res judicata*, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id*. at 121. Claim preclusion is "intended to relieve parties of multiple litigation, conserve judicial resources, ease fears of prolonged litigation, prevent inconsistent decisions, and encourage reliance on adjudication." *In re John F. Ervin Testamentary Trust*, No. 270498, 2008 WL 540332, at *2 (Mich. Ct. App. Feb. 28, 2008) (citing *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 692-693 (2004)).

When applying the three factors, it is clear that Robinson's claims against all Defendants are barred by the claim preclusion doctrine. As to the first factor, the following prior actions were decided on the merits in favor of the Defendants.

- *Robinson v. Andrews, et al.,* No. 14-11987 (E.D. Mich. May 19, 2014) (Parker, J.);
- *Robinson v. Gutenberg, et al.*, No. 15-10481 (E.D. Mich. Feb. 5, 2015) (Cohn, J.);
- *Robinson v. Field, et. al*, No. 16-10207 (E.D. Mich. Jan. 19, 2016) (Steeh, J.); and
- *Robinson v. Schuette, et. al*, No. 16-13632 (E.D. Mich. Oct. 12, 2016) (Cox, J.).

7

As to the second factor, all Defendants were either sued directly or are in privity with a party that was sued in one or more of the above-listed actions.[3] As to the individually named defendants, Robinson has not specified whether he is suing them in their individual or official capacities. But for purposes of finding privity under the claim preclusion doctrine, this does not matter. "Michigan law holds that defendants, even in their individual capacity, are in privity with prior lawsuits involving their governmental employer, and . . . this claim is accordingly barred by the state's broad claim preclusion doctrine." *O'Leary v. Charter Twp. of Flint*, No. 09-13075, 2010 WL 2870400, at *6 (E.D. Mich. July 21, 2010) (citing *Adair*, 470 Mich. at 121).

As to the third factor, all of the matters contested in the instant action were or could have been resolved in the previous actions. As shown above, Robinson's claims against the Defendants related to the April 2013 Incident were all previously dismissed, and nothing new has happened - such as a reversal of his conviction – that would alter his rights against any of the Defendants. To the extent that Robinson did not specifically raise the exact same challenges, the claims themselves arise from the same facts and require the same evidence as the claims he raised in the prior actions. *Chakan*, 998 F. Supp. at 783 (finding that claim preclusion barred the plaintiff from litigating his case because all three claim preclusion factors were met, including the third and final factor: the factual basis for the plaintiff's previous claim is the same as the factual basis for his federal claim). Therefore, this factor is satisfied. Accordingly, this action is barred by the doctrine of claim preclusion.

---

[3] Robinson previously sued the Washtenaw County Prosecutor's Office in Case No. 14-10201. In that case, Judge Steeh's Order of Summary Dismissal indicated that he would have perhaps dismissed Robinson's case *with prejudice* as being frivolous, but did not do so because under the *Heck v. Humphrey* doctrine, the more appropriate course at that time was to dismiss the claim for lack of subject matter jurisdiction, which would have allowed Robinson to reassert his claims if his conviction or sentence were later invalidated. As noted above, however, Robinson never appealed his second conviction or sentence. (Doc. #16-6).

    2. *Additional Reasons for Dismissal*

        a. *The Pittsfield Township Police Dept. and Washtenaw Co. Prosecutors Office Are Not Parties That Can Be Sued*

Robinson sues the Pittsfield Township Police Department and Washtenaw County Prosecutor's Office. But police departments and prosecutor's offices are not legal entities that may be sued. *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997); *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1998) ("Michigan is a jurisdiction in which the sheriff and prosecutor are constitutional officers, and there does not exist a sheriff's department or a prosecutor's office . . . Since the sheriff's department and prosecutor's office do not exist, they obviously cannot be sued."). Thus, the Pittsfield Township Police Department and Washtenaw County Prosecutor's Office are not entities subject to suit, and the claims against them must be dismissed.

        b. *The Prosecutorial Defendants Are Immune from Suit*

The Prosecutorial Defendants are absolutely immune from suit under 42 U.S.C. §1983 for conduct, "intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Patchman*, 424 U.S. 409, 430 (1976)). *Accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (stating that functions which "serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits."); *and* M.C.L. §691.1407; *and Bischoff v. Calhoun Cty. Prosecutor*, 173 Mich. App. 802, 810; 434 N.W.2d 249 (1988). This immunity extends to a prosecutor's "conduct in 'initiating a prosecution and in presenting the State's case,'" *Burns*, 500 U.S. at 486 (quoting *Imbler*, 424 U.S. at 431), including preparing and filing charging documents, including requests for arrest warrants. *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). Since all of Robinson's allegations against the Prosecutorial Defendants relate to actions taken in connection

9

with his prior criminal case, they are absolutely immune from suit, and Robinson's claims against them must be dismissed.

Additionally, the Eleventh Amendment provides immunity to states and arms of states from lawsuits demanding money in federal court. *Alden v. Maine*, 527 U.S. 706, 713 (1999). This immunity extends to individual state officials employed by a State department or agency when those employees are sued in their official capacities. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). This immunity includes the Prosecutorial Defendants. Therefore, Robinson's official capacity claims against the Prosecutorial Defendants fail.

      *c. The Judicial Defendants are Immune from Suit*

Under the doctrine of judicial immunity Robinson's claims against the Judicial Defendants cannot prevail. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity protects judges even if acting erroneously, corruptly, or in excess of jurisdiction. *Id*. at 9-10. Indeed, judicial immunity:

> is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. *Forrester v. White*, 484 U.S., at 227-229, . . . ; *Stump v. Sparkman*, 435 U.S. at 360, . . .. Second, a Judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id*. at 356-357, . . .;

*Id*. at 11-12. Neither of these exemptions applies here because, as shown above, all of Robinson's allegations against the Judicial Defendants relate to actions taken in connection with the criminal case against him.

      d. Heck v. Humphrey *Bars Plaintiff's Case*

As has been stated in many of Robinson's previous cases, a plaintiff may not obtain money damages for his criminal conviction absent showing that his conviction has been overturned. The

10

Supreme Court explained in *Heck v. Humphrey*, 512 U.S. 477 (1994), that,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

*Id.* at 486-487 (footnote omitted) (emphasis in original). *Heck*, and the cases that follow,

> taken together, indicate that a state prisoner's §1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

While the Michigan Court of Appeals vacated Robinson's original conviction and sentence on the basis that his waiver of counsel was not knowing, intelligent, and voluntary, on remand, Robinson was convicted, and never appealed this conviction. (Doc. #16-6). Nor was that conviction overturned, expunged or called into question by a federal court's issuance of a writ of habeas corpus. To the extent Robinson's success in this action would necessarily demonstrate the invalidity of his conviction, any such claims are not cognizable under §1983. *Heck*, 512 U.S. at 487; *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004). While this particular basis of dismissal might not apply to every single one of Robinson's claims, it certainly would apply to any of his claims which are based on allegations that he did not receive a fair trial, or that other aspects of his criminal case were the product of an unlawful conspiracy. *Id.*

11

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' Motions to Dismiss (**Doc. #16, #18, #20**) be **GRANTED** and this case be dismissed with prejudice.

Dated: May 29, 2019  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of objections must be served upon the Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 29, 2019.

                                                      s/Eddrey O. Butts  
                                                    EDDREY O. BUTTS  
                                                    Case Manager